[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff and defendant are each small manufacturers. The plaintiff is a metal casting foundry. The defendant CT Page 11323 is a metal machining shop. The plaintiff brings this action to recover damages for a claimed breach of contract.
The factual situation briefly is that the parties entered into a contract dated July 27, 1992, (see Plaintiff's Exhibit B) wherein the plaintiff was to provide twelve (12) stainless steel castings and the defendant was to machine them to specifications provided. The agreement of July 27, 1992, was amended by Plaintiff's Exhibit C dated August 21, 1992. This amendment provided for additional steps to be taken by the parties if "upgrading" of the castings was needed.
The plaintiff experienced difficulty in machining the castings because of the porosity of the castings. Plaintiff then proceeded to "upgrade" the castings to improve the quality of them for machining purposes. The defendant continued having difficulties in machining the castings but did rough machine the remaining nine (9) castings that had not been previously machined. The defendant then informed plaintiff that it would not finish machining the castings; that the defendant was owed $9,150.00 for the rough machining that had been done; that the plaintiff could have the castings upon payment of the $9,150.00 to the defendant.
The plaintiff did not accept the demand of the defendant for payment of $9,150.00 to receive the rough machine castings, instead the plaintiff made nine (9) new castings and had them machined by another machine shop.
The plaintiff now brings this action to recover of the defendant its damages as a result of defendant's failure to complete the machining and deliver the finish castings to the plaintiff.
The defendant counterclaims for the machining work done on the castings.
The court, after hearing the evidence, examining the exhibits and determining the facts and applicable law finds: that in accordance with the contract, as amended, the defendant was to rough machine the remaining nine (9) castings. That any castings needing "upgrading" would be returned to the plaintiff for it to perform the upgrading. The upgraded castings were then to be machined by the defendant to specifications. For this additional procedure the defendant was to receive an added CT Page 11324 $450.00 per casting.
The court further finds that the defendant did the rough machining on the castings but refused to carry out the remaining terms of the contract. The defendant, however, demanded immediate payment of $9,150.00 from the plaintiff for the work done on the castings and at the time of payment the defendant would release the castings to the plaintiff. That this sum of $9,150.00 was above the terms of the parties' contract. That the plaintiff was damaged by the defendant's action.
The court also finds that the plaintiff rejected the defendant's proposal and went on to make nine (9) new castings and had them machined by another machine shop.
The court additionally finds that the defendant breached the contract with the plaintiff. The plaintiff thereby suffering damages in the sum of $19,080.00.
As to the defendant's counterclaim, the court finds that the defendant did machining on nine (9) castings. That the reasonable value of this work was $450.00 per casting. That there is due to the defendant the sum of $4,050.00. That this sum is to be credited to the defendant against the plaintiff's damages of $19,080.00.
The court notes that the plaintiff had the duty to mitigate its damages. That it failed to do so when it did nothing to regain possession of the castings from the defendant.
Therefore, judgment may enter in accordance with the above findings, without costs to either party. However, statutory interest of 10 per cent on the amount of the judgment, that is the amount of $15,030.00 is to run from the date of the breach of contract, that is when the defendant notified the plaintiff that it would not proceed to complete the contract, to the date of judgment.
JULIUS J. KREMSKI STATE TRIAL REFEREE CT Page 11325